**The below described is SIGNED.**

**Dated: August 31, 2010**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**IN THE CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>DON A. MATHEWS,<br>(Debtor) | Bankruptcy Number 09-29811 WTT<br><br>Chapter 7 |
| DAVID EATOUGH,<br>(Plaintiff)<br><br>v.<br><br>DON A. MATHEWS,<br>(Defendant) | Adversary Proceeding: 09-02783 |

**MEMORANDUM DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND**
**MOTION FOR MORE DEFINITE STATEMENT**

The matter before the Court is Defendant-Debtor Don Mathews's ("Debtor"), Motion for

Partial Summary Judgment under Federal Rule of Bankruptcy Procedure ("FRBP") 7056 and

Federal Rule of Civil Procedure ("FRCP") 56 and Motion for a More Definite Statement under

1

FRBP 7012(b) and FRCP 12(e) ("Motion"). The Defendant has filed a Memorandum and Reply Memorandum in Support of its Motion and the Plaintiff has filed a Memorandum in Opposition to the Motion. The matter came before the Court on August 30, 2010, at which time Quinn A. Sperry was present for the Debtor and Kasey L. Wright was present representing David Eatough, the Plaintiff ("Plaintiff"). The Court, having reviewed the various submissions and listened to oral argument on the Motion, makes this determination according to FRBP 7052 and FRCP 52(a)(1).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334. Venue is appropriate under 28 U.S.C. 1409(a). The Court finds that notice of this hearing is proper and adequate in all respects.

### I. Undisputed facts

The Defendant has made this motion under FRCP 56. It is a little awkward to have requested summary judgment instead of simply dismissal under FRCP 12 as no evidence—only the complaint—is before the court. Considering no answer has been filed, the Court cannot determine if there are issues of genuine material fact that would normally preclude an order of summary judgment. Because of the nature of the relief requested, however, the Court determines that only legal conclusions are required apart from the undisputed facts that can be determined from the moving and opposing submissions. Those facts are recited as follows.

Debtor worked as a listing agent for and partial owner of RDM Construction, Inc. ("RDM") for real property located in the Chateau Flats Subdivision in South Jordan, Utah ("Property"). In January 2006, Plaintiff began negotiations with Debtor and Debtor's agent to purchase Lot 7 of the Property ("Lot 7"). During negotiations, Debtor stated to Plaintiff that

RDM owned Lot 7, although RDM did not.

On January 11, 2006, Plaintiff signed a real estate purchase contract with RDM for the purchase of Lot 7 for $250,000.00. Debtor again represented to Plaintiff that RDM owned Lot 7, but it did not. RDM used part of the $250,000.00 received from Plaintiff to purchase Lot 7 from the owner.

Further negotiations between the parties resulted in an agreement for RDM to build a house on Lot 7 for Plaintiff. The house was agreed to be built according to the Summerwood Plans & Specifications ("Summerwood Plans") for $664,000.00. The house actually constructed, however, was substantially smaller and of less value than the Summerwood Plans provided. On May 18, 2006, Plaintiff confronted Debtor about the discrepancies between the house and Summerwood Plans. Plaintiff provided Debtor with an appraisal that indicated the value of the house was significantly lower than the expected value. Debtor challenged the accuracy of the appraisal, but stated that he would make it right with Plaintiff.

Due to the issues between the parties, Plaintiff commenced a state court lawsuit against Debtor on September 20, 2007. Several of the causes of action in the state court litigation were based on fraud based on the misrepresentations listed above. The allegations in both the causes of action for fraud in state court and the cause of action under § 523(a)(2)(A) are very similarly worded. On September 30, 2008, the causes of action for fraud were dismissed with prejudice under the economic loss doctrine and/or a failure to plead the cause of action with sufficient particularity. No specific findings of fact relating to fraud, false pretenses or false representation are listed in the dismissal order of the state court. Other issues remain pending in state court between these parties and other parties related to this transaction. Debtor filed a voluntary

3

petition under Chapter 7 of the Bankruptcy Code on September 11, 2009.

### II. Issues in dispute

The Court assumes the following fact to be in dispute, but, as stated previously, whether it is true or not does not impact this ruling. Plaintiff asserts that Debtor made the above representations knowing them to be false and with the intent that Plaintiff rely to the inuring of pecuniary benefit to Debtor and RDM.

### III. Summary Judgment

#### A.   Summary Judgment Standard

A motion for summary judgment is appropriate if the pleadings, admissions on file, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c).

A fact is material if it may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes as to non-material facts are not important and do not bar the entry of summary judgment. Kaiser-Francis Oil Co. v. Producer's Gas Co., 870 F.2d 563 (10th Cir. 1989).

A "genuine" issue of fact exists if the evidence is such that the trier of fact could find for the nonmoving party. Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party may not rest upon allegations or denials in its pleading, but set forth specific facts showing there is a genuine issue for trial. FRCP 56(e).

In reviewing the record for genuine issues of material fact, the pleadings and evidence are construed liberally in favor of the nonmoving party. Sierra Club v. El Paso Gold Mines, Inc., 421 F.3d 1133, 1146 (10th Cir. 2005).

While the summary judgment standard requires this Court to view the facts in the light most favorable to the nonmoving party, it does not require the Court to make unreasonable inferences in favor of the nonmoving party. <u>Carney v. City and County of Denver</u>, 534 F.3d 1269, 1276 (10th Cir. 2008).

On a motion for summary judgment the court cannot evaluate credibility nor can it weigh evidence. <u>National American Ins. Co. v. American Re-Insurance Co.</u>, 358 F.3d 736, 742-43 (10th Cir. 2004) (citing <u>Cone v. Longmont United Hosp. Ass'n</u>, 14 F.3d 526, 533 (10th Cir. 1994)).

It is under this standard that the Court analyzes the Debtor's motion.

### B.  Collateral Estoppel

Defendant seeks summary judgment under FRBP 7056 and FRCP 56 for failure to state a claim upon which relief can be granted under FRBP 7012(b) and FRCP 12(b)(6) on a claim of collateral estoppel based on the prior litigation existing between the parties.  Because of the timing of this motion in relation to the time for evidence to be received and discovery taken, this is not a typical summary judgment motion.  Most of the material facts are stipulated to, however, which (as stated previously) is sufficient for the Court to make this ruling according to FRCP 56. It appears the central issue at this point is whether the ruling of the state court is dispositive of the action. Collateral estoppel prevents an issue from being litigated between the same parties in a future lawsuit when "an issue of ultimate fact has once been determined by a valid and final judgment . . . ." <u>Ashe v. Swenson</u>, 397 U.S. 436, 443 (1970).  Collateral estoppel applies to the dischargeability of a debt litigation in bankruptcy courts.  See <u>Hill v. Putvin (In re Putvin)</u>, 332 B.R. 619, 625 (10th Cir. B.A.P. 2005).  "While ultimately, a bankruptcy judge determines

whether a debt is nondischargeable under § 523, a state court judgment may preclude the relitigation of settled facts under the collateral estoppel doctrine." In re Wallace, 840 F.2d 762, 764–65 (10th Cir. 1988). For the purposes of collateral estoppel in Utah, bankruptcy courts can look to state law. See Frandsen v. Westinghouse Corp., 46 F.3d 975, 977–978 (10th Cir. 1995) ("It is not necessary to make a choice between Utah and federal rules relating to collateral estoppel to resolve the issue before the court. We have previously recognized that collateral estoppel requirements under Utah law are substantially the same as under federal law." (internal citation omitted)). "Under Utah law, a party is collaterally estopped from relitigating an issue if four elements are satisfied: (1) the issue decided in a prior adjudication must be identical with the one presented in the action in question, (2) there must be a final judgment on the merits, (3) the party against whom the plea is asserted must be a party or in privity with a party to the prior adjudication, and (4) the issue in the first case must have been competently, fully, and fairly litigated." Richardson ex rel. Richardson v. Navistar Int'l Transp. Corp., 231 F.3d 740, 743 (10th Cir. 2000) (citing Searle Bros. v. Searle, 588 P.2d 689, 691 (Utah 1978)). Now to address these four factors, albeit out of the order listed in Richardson.

   *1.    Identical Issues*

"What is critical [in determining identical issues] is whether the issue that was actually litigated in the first suit was essential to resolution of that suit and is the same factual issue as that raised in a second suit." Zufelt v. Haste, Inc., 142 P.3d 594, 597 (Utah Ct. App. 2006) (citing Robertson v. Campbell, 674 P.2d 1226, 1230 (Utah 1983)) (alterations in original).

In the present case, success for Plaintiff on his first claim under § 523(a)(2)(A) requires a finding of Debtor's use of fraudulent methods used to obtain a pecuniary advantage. Similarly

6

Plaintiff's claims for fraud in state court relied upon a finding of fraudulent representations and actions stemming from the same conversations alleged in the present case. As the claims in both actions are based on fraudulent acts stemming from the same transaction, the Court finds these issues to be identical.

### 2.    *Privity of Parties*

As the parties are identical in the state court action as in this case and this fact is not in dispute between the parties, the Court sees no reason to address this factor.

### 3.    *Final Judgment on the Merits*

Although jurisdictions have varying standards for what type of orders can be given preclusive effect, Utah courts have repeatedly held that only a final judgment addressing all issues between the parties is sufficient for collateral estoppel. See, e.g., Utah R. Civ. P. 54(b); Bernard v. Attebury, 629 P.2d 892, 895 (Utah 1981); Salt Lake City Corp. v. Layton, 600 P.2d 538, 539 (Utah 1979); Kennedy v. New Era Indus., 600 P.2d 534, 535–36 (Utah 1979).

On these facts, both parties acknowledge that the state court litigation between them is unresolved on other claims alleged by Plaintiff. Further, the order dismissing the fraud causes of action contains no language indicating it is a final order as required by Utah Rule of Civil Procedure 54(b) to remove it from the general rule. Thus, the order from the state court cannot be considered a final judgment by this courts to be given preclusive effect.

### 4.    *Full and Fair Litigation*

The analysis of this factor can be most easily accomplished by looking at the basis upon which the state court dismissed Plaintiff's complaint. Although not articulated in the order, the parties agree that the dismissal was based on either or both the economic loss rule or the failure

7

on the part of Plaintiff to correctly plead the fraud actions. The economic loss rule in Utah "prevents a party from claiming economic damages 'in negligence absent physical property damage or bodily injury.'" Fennell v. Green, 77 P.3d 339, 343 (quoting SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc., 28 P.3d 669, 680 (additional quotations and citation omitted)).[1]

Due to the nature of the economic loss rule, if the state court did in fact dismiss Plaintiff's complaint upon this basis, it would have had to look no further than the damages claimed to determine that the economic loss rule applied, not whether Defendant engaged in fraud that caused those damages. Thus without further indication by the state court that it considered the facts and argument underlying the allegations of fraud—whose order does not expound—this Court cannot find the fraud issues were fully litigated or decided.

In addition, to successfully plead fraud, a party must state "with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b) (applicable by Fed. R. Bankr. P. 7009). Specifically, a complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statement and the consequences thereof." Lawrence Nat'l Bank v. Edmonds (In re Edmonds), 924 F.2d 176, 180 (10th Cir. 1991) (citations omitted); see also Janes v. Lyons (In re Lyons), 2010 Bankr. LEXIS 996, *5 (Bankr. D. Kan. Mar. 26, 2010).

---

[1] Claims brought on the basis of fraud, however, may be excluded from this rule. See Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc., 930 P.2d 1182, 1190 n.11 (Utah 1996) (abrogated in part by Davencourt Pilgrims Landing Homeowners Ass'n v. Davencourt Pilgrims Landing, LC, 221 P.3d 234, 249–53 (Utah 2009)). The state court, however, held this claim was not excluded and that appears to be a final order upon which the corresponding appeal time has run.

8

Because a court is not required to make credibility determinations as to the allegations contained in a complaint for purposes of surviving a FRCP 9(b) motion, this Court cannot find that the state court must have, of necessity, analyzed the fraud allegations to make the necessary findings that the issue was fully and fairly litigated. Regardless of the basis upon which the state court dismissed Plaintiff's claims, neither requires sufficient analysis of truthfulness and credibility of the specific facts to determine that these claims were fully and fairly litigated and thus the order cannot be given preclusive effect. Thus the order cannot be given preclusive effect, accordingly the motion under FRCP 56 should be denied.

### IV. More Definite Statement

A motion for a more definite statement can be made if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (applicable by Fed. R. Bankr. P. 7012(b)). Additionally, as explained above, to plead fraud a party must state with particularity "the time, place, and contents of the false representation, the identity of the party making the false statement and the consequences thereof." Lawrence Nat'l Bank, 924 F.2d at 180; see also Fed. R. Civ. P. 9(b). In making a motion under FRCP 12(e), a party must specify the defects and details desired.

In this case, Debtor requests more details about the alleged misrepresentations at the meeting of May 18, 2006. In Plaintiff's complaint, he states that at the May 18, 2006 meeting, "Plaintiff confronted Debtor regarding his company's failure to follow the Summerwood Plans. Plaintiff also provided Debtor with a copy of an appraisal showing that the home being constructed had a much lower value that anticipated. Debtor informed Plaintiff that the appraisal was inaccurate. Debtor further represented to Plaintiff that he would make it right with

Plaintiff." Complaint ¶ 28 (dkt #1). Debtor specifically requests elaboration on what "make it right with Plaintiff" means. While the Court can envision that "make it right" is a quote rather than a summary and thus no elaboration is possible, it can see a need for clarification by Plaintiff as to the conversation.[2] Accordingly, more elaboration and clarity must be given by the Plaintiff.

### V. Conclusion

For the reasons explained, the Motion for Partial Summary Judgment should be denied and the Motion for a More Definite Statement should be granted.

---

[2] In Plaintiff's argument at hearing and in his memorandum, he asserts that he provided significant amounts of detail regarding various misrepresentations. To ensure compliance with this Order, the Court desires to point out to Plaintiff that Debtor is seeking more specificity only about the May 18, 2006, meeting, not the many other representations to which Plaintiff refers.